# NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT B

**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK, SS**

**SUPERIOR COURT**
**C.A. NO.**

| | | |
|---|---|---|
| **BRIAN R. DAVIS, PAUL DAVIS, and** | ) | |
| **ROSANO-DAVIS SANITARY PUMPING, INC.** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT & JURY DEMAND** |
| | ) | |
| **ROSS ROSANO, and R.W. ROSANO CORP.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**PARTIES**

1. The Plaintiff, Brian R. Davis ("Brian"), is an individual with a residential address of 14 Chestnut Road, Hingham, Massachusetts.

2. The Plaintiff, Paul Davis ("Paul"), is an individual with a residential address of 38 Rocky Lane, Cohasset, Massachusetts.

3. The Plaintiff, Rosano-Davis Sanitary Pumping, Inc. ("Pumping"), is a duly organized Massachusetts corporation with a usual place of business at 9 Rocky Lane, Cohasset, Massachusetts.

4. The Defendant, Ross Rosano ("Ross"), is an individual with a residential address of 21 Rocky Lane, Cohasset, Massachusetts.

5. The Defendant, R.W. Rosano Corp., f/k/a R.W. Rosano Ltd. ("R.W."), is a duly organized Massachusetts corporation, which has a usual place of business at 35 Crocker Lane, Cohasset, Massachusetts.

6. Rosano-Davis, Inc. ("Inc.") is a duly organized Massachusetts corporation, which at all materials times, had a usual place of business at 9 Rocky Lane, Cohasset, Massachusetts. Inc. is undergoing statutory dissolution, Plymouth Superior Court, C.A. No. PLCV2008-01679-B.

7. At all materials times, Brian, Paul, and Ross were and are 33⅓% shareholders of Pumping.

8. At all materials times, Brian and Ross were and are 50% shareholders of Inc.

9. At all materials times, Ross was and is 50% shareholder and president of Inc.

## FACTS

Ross' Wrongful Seizure of Inc. and
Misappropriation of Business Mail and Telephone Calls

10. After years of barely contributing anything to the company, Ross seized Inc. during late summer of 2008, completely shutting Brian Davis out of the business, even though Brian is and was a director, an officer, and 50% owner.

11. Ross changed the mail for Inc. and Pumping, without the knowledge or consent of Brian or Paul, so that Ross could review all mail (including checks and business leads) before Plaintiffs and Inc. could. The intercepted mail included checks which were delayed several days and business leads which were never forwarded to the addressee.

12. Ross similarly intercepted corporate telephone calls, by unilaterally, and without proper authorization, setting up a new telephone system which affected the parties' businesses operated out of 9 Rocky Lane in Cohasset, including Inc. and Pumping.

13. During this time, Brian received none of the telephone calls placed to him to the business number which he had used for decades, (781) 383-1234. The people answering the telephone did not even recognize his name. In addition, Ross intercepted all calls directed to Pumping, unless they were solely for septic/pumping services. Ross well knows that Pumping does excavating work as well; it owns hundreds of thousands of dollars of trucks and equipment used for excavating.

14. Also, there were several complaints from customers who could not get through to the party they were trying to reach, and did not appreciate being questioned intensely. In addition, there were several customers who left messages for Plaintiffs, which they never received. Some customers were so frustrated with the telephone system which Ross implemented, that they actually drove to the office to reach the Plaintiffs. There were several customer complaints about Ross' telephone system.

Ross Mismanaged Inc. and Ran It into the Ground

15. In or around March, 2009, Ross unilaterally closed Inc.'s operations without any notice to Brian. By that point, Ross had ruined Inc. financially event though he: (a) neglected to pay tens of thousands of dollars in Inc. debts; (b) failed to pay Brian's pay checks for months, totaling several tens of thousands of dollars; and (c) drew Inc.'s entire $100,000 line of credit.

16. Inc. is currently undergoing statutory dissolution, Plymouth Superior Court, C.A. No. PLCV2008-01679-B.

Ross' Double Dealing with His New Company

17. From the fall of 2008 to March 2009, Ross used a new company which he formed, R.W., to complete several of Inc.'s jobs. Inc. billed R.W. for R.W.'s rental of Inc. equipment, but R.W. billed much more to Inc. for R.W.'s services in completing Inc. jobs.

18. There was no valid business reason for Ross to use his new company to complete Inc. jobs. Ross did so in order to exclude Brian from revenues and profits.

19. From March of 2009 to the present, and continuing, R.W. has been contracting with Inc. customers.

20. R.W. does excavating and site work, which is what Inc. always did.

21. After several months of operations, R.W. started doing septic pumping, and Title V services, in addition to excavating and site work. Such services have always been performed by Pumping.

Defendants' Improper Use of Inc. Vehicles and Equipment

22. In March, 2009, Ross unilaterally transferred title of several pieces of Inc. equipment to himself, without paying for them, without notice to Brian, and without seeking permission from the Court.

23. Ross repainted the vehicles (the same blue and black colors) and replaced the Rosano-Davis name with R.W.'s name.

24. In an October 28, 2009 Affidavit in which he tried to explain these transfers, Ross falsely claimed that he had paid for the equipment at issue, and falsely claimed that he had used written appraisals to establish the purchase prices.

25. On January 12, 2010, the Plymouth Superior Court (Hely, J.) undid these transfers, ruling that the equipment should be treated as Inc. assets, and ordering Ross to return them.

26. Defendants have used, and continue to use, several pieces of Inc. equipment to their exclusive benefit, without paying anything to Inc., Brian, the court-appointed Receiver in the dissolution case, or the Court.

27. On July 9, 2010, July 26, 2010, and July 29, 2010, the court-appointed Receiver ordered Ross to return Inc.'s 1999 John Deere 120 excavator and 1994 John Deere 590 excavator immediately. Ross has refused to comply with these express orders, and continues to use this Inc. equipment to R.W's benefit, without payment of rent or sharing of proceeds with Inc., Brian, the court-appointed Receiver in the dissolution case, or the Court.

Defendants' Misappropriation of the (781) 383-1234 Telephone Number and Wrongful targeting of Plaintiff's and Inc.'s Customers

28. All of the Plaintiffs and Inc. have used the (781) 383-1234 telephone number for decades, and exclusively for business purposes. That number rang in the building at 9 Rocky Lane in Cohasset for over forty (40) years, until Ross redirected it.

29. The (781) 383-1234 telephone number has always been included on Inc.'s and Pumping's fleet of trucks and equipment, advertising, yellow page listing, and internet listing.

30. Since 2001, Inc. has paid over $24,500 for the telephone number. Since 2001, Pumping has paid over $32,600 for the telephone.

31. Since 2001, Inc. has paid over $58,400 for advertising, which referenced the telephone number. Since 2001, Pumping has paid over $104,000 for advertising, which referenced the telephone number.

32. In or around the summer of 1986, Ross was bankrupt, had no money to pay for the (781) 383-1234 telephone number, and was about to lose it. Brian used personal funds in the hundreds of dollars to save the telephone number. Immediately thereafter, Brian and Ross started using the number for their joint ventures and businesses.

33. There was an express agreement between Plaintiffs, Inc., and Ross that the (781) 383-1234 telephone number was owned by all of them and was to be used for their joint business enterprises.

34. In advertising for his new company, R.W., including flyers and an internet listing, Ross prominently highlights the (781) 383-1234 telephone number, often in bold type.

35. Recently, in or around July of 2010, R.W. started exclusively using the (781) 383-1234 telephone number. From March, 2010 until then, callers were directed by an automated message how to reach Pumping, Brian, and Paul. Previously, Defendants had implemented a one-sided system which favored them and did not properly and fairly direct the caller if he or she wanted to reach the Plaintiffs.

36. R.W.'s logo, including as it appears on its trucks, uses the traditional blue and black colors which Inc. and Pumping have used for decades. It also includes the "R.W." in very small letters, and the "Rosano" in very large letters.

37. R.W.'s logo, colors, and lettering were designed to confuse customers and the public. Defendants want third parties to believe that R.W. is Pumping and/or Inc., or is a successor company to one or both of them.

38. During discovery in an unrelated case involving Bosworth Homes, LLC, for which Brian, Paul and Ross initially were the three (3) members, Ross copied a four (4) inch thick binder which contained a list of Pumping customers and information.

39. Defendants have inappropriately used this customer list to target these customers to switch to R.W. By way of example, Defendants have sent mailers to these customers, soliciting their business.

40. In addition, Defendants and/or their agents have been calling these customers, "reminding" them that it's time for service. When they do so, they make it seem like it is a follow-up from Pumping. Defendants and/or their agents have been deliberately giving the false impression to customers that they represent the company which had provided pumping services to the customers in the past.

41. Several customers later felt duped when they found out that R.W. is a different company, which is not affiliated with Pumping or the Davis brothers.

42. In addition, R.W. has been doing jobs for customers who had specifically hired Pumping for such jobs.

**COUNT I - TRADEMARK VIOLATION AND UNFAIR COMPETITION**
(Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc. v. Ross Rosano and R.W. Rosano Corp.)

43. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 42.

44. Plaintiffs have worked diligently for decades to establish a marketplace, reputation, and good will for their businesses, including Pumping, Inc., and the "Rosano-Davis" name.

45. Defendants have committed unfair competition and trademark infringement. Included among the pertinent statutes which they have violated are M.G.L. c. 110B and 15 U.S.C. § 1051 et seq. Defendants have also violated Plaintiffs' common law rights. See e.g. *Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of Worcester, Inc.*, 398 Mass. 480 (1986).

46. As a direct and proximate result of Defendants' unfair competition and trademark infringement, Plaintiffs have incurred substantial and continuing damages, including but not limited to lost revenues, unpaid rental fees, rental fees charged to customers, and revenues which Defendants wrongfully enjoy. As these damages are ongoing, and

Plaintiffs need to conduct discovery into these matters, damages cannot now be stated with precision, but they are in the several tens, if not hundreds of thousands of dollars.

**COUNT II - INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS**
(Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc. v. Ross Rosano and R.W. Rosano Corp.)

47. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 46.

48. At all times relevant hereto, Defendants were aware that Plaintiffs were engaged in beneficial contractual relationships with their customers.

49. Defendants intentionally interfered with said contractual relationships without lawful justification.

50. As a direct and proximate result of Defendants' tortious interference with advantageous business relations, Plaintiffs have incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraph 46 above.

**COUNT III - BREACH OF FIDUCIARY DUTY**
(Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc. v. Ross Rosano)

51. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 50.

52. As officer, director, and shareholder of Inc., Ross owed and owes a fiduciary duty to Brian and Inc. As former officer and director of Pumping, and as a current shareholder of Pumping, Ross owed and owes a fiduciary duty to Brian, Paul, and Pumping. Ross also owed and owes a fiduciary duty to Brian and Paul as partners in various business endeavors.

53. Ross breached his fiduciary duty to the Plaintiffs.

54. As a direct and proximate result of Ross' breach of fiduciary duty, Plaintiffs have incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraph 46 above.

**COUNT IV - CONVERSION**
(Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc. v. Ross Rosano and R.W. Rosano Corp.)

55. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 54.

56. At all times relevant hereto, the Plaintiffs had possessory ownership rights in their property, including business vehicles and equipment, the (781) 383-1234 telephone number, customer list, trade name, good will, reputation, logo, colors, and funds, as described herein.

57. Defendants improperly retained such property and converted it to their own use in a manner inconsistent with the Plaintiffs' rights and interests.

58. As a direct and proximate result of Defendants' wrongful conversion, Plaintiffs have incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraph 46 above.

**COUNT V - UNJUST ENRICHMENT**
(Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc. v. Ross Rosano and R.W. Rosano Corp.)

59. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 58.

60. Defendants have been unjustly enriched by committing the wrongful acts recounted herein.

61. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraph 46 above.

62. Under these circumstances, equity and good conscience dictate that judgment against Defendants should be entered in an amount to be determined at trial.

**COUNT VI - UNFAIR TRADE ACTS**
(Rosano-Davis Sanitary Pumping, Inc. v. R.W. Rosano Corp.)

63. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 62.

64. At all times relevant hereto, Pumping and R.W. were and are engaged in commerce within the meaning of M.G.L. c. 93A.

65. The above described bad faith conduct, unfair competition and trademark infringement, tortious interference with advantageous business relations, breach of fiduciary duty, wrongful conversion, and unjust enrichment, constitute unfair or deceptive acts and practices in violation of M.G.L. c. 93A §§ 2 and 11 which were, upon information and belief, knowingly and wilfully performed.

66. As a direct and proximate result of R.W.'s unfair or deceptive acts and practices, Pumping has incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraph 46 above.

**JURY DEMAND**

The Plaintiffs, Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc., demand trial by jury on all claims so triable.

**WHEREFORE**, the Plaintiffs, Brian R. Davis, Paul Davis, and Rosano-Davis Sanitary Pumping, Inc., respectfully demand that the Court:

1) Enter Judgment on Counts I, II, IV, and V against the Defendants, Ross Rosano and R.W. Rosano Corp., jointly and severally, in an amount to be determined at Trial, plus interest, costs, and reasonable attorneys' fees to the extent permitted by law.

2) Enter Judgment on Count III against the Defendant, Ross Rosano, in an amount to be determined at Trial, plus interest, costs, and reasonable attorneys' fees to the extent permitted by law.

3) Enter Judgment on Count VI against the Defendant, R.W. Rosano Corp., in an amount to be determined at Trial, plus interest, costs, attorneys' fees, and treble damages pursuant to M.G.L. c. 93A.

4) Enjoin the Defendants, Ross Rosano and R.W. Rosano Corp., and any agents or representatives thereof, from using the telephone number (781) 383-1234.

5) Enjoin the Defendants, Ross Rosano and R.W. Rosano Corp., and any agents or representatives thereof, from using any name similar to Rosano-Davis, including any name containing "Rosano."

6) Enjoin the Defendants, Ross Rosano and R.W. Rosano Corp., and any agents or representatives thereof, from using trucks or other equipment in the traditional blue and black colors employed by Rosano-Davis Sanitary Pumping, Inc. and Rosano-Davis, Inc.

7) Enjoin the Defendants, Ross Rosano and R.W. Rosano Corp., and any agents or representatives thereof, from contracting with, or marketing to, Pumping's customers.

8) Order the Defendants, Ross Rosano and R.W. Rosano Corp., to account for and deposit, into Court or a joint escrow account, all proceeds obtained by using Rosano-Davis, Inc.'s assets, including its vehicles, equipment, telephone number, and business contacts.

9) Grant such further relief as the interests of justice and equity demand.

Respectfully submitted,
The Plaintiffs,
Brian R. Davis, Paul Davis, and
Rosano-Davis Sanitary Pumping, Inc.,
By their Attorneys,

Louis Movitz, BBO #564780
Alan L. Packer, BBO # 386830
PACKER AND MOVITZ, P.C.
195 Worcester Street, Ste. 203
Wellesley Hills, MA 02481-5568
(781) 235-3000

LM\rd\re\rwrosano\complaint