UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN R. DAVIS, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 10-11594-JLT |
| | * | |
| ROSS ROSANO and | * | |
| R.W. ROSANO CORP., | * | |
| | * | |
| Defendants. | * | |

ORDER

May 5, 2011

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that this case is automatically STAYED pending determination of the issues presently before the bankruptcy court.[1]

This court has been advised that an involuntary petition has been filed against Defendant-in-Counterclaim Rosano-Davis Incorporated ("Inc.") under Chapter 7 of the Bankruptcy Code.[2] Contrary to Plaintiffs' assertions,[3] Inc. is indeed a Party before this court.[4] Section 362(a)(3) of

---

[1] 11 U.S.C. § 362.

[2] Suggestion Bankr., 1 [#13]; see also Declaration Andrea B. Reed Supp. Pls.' Response Suggestion Bankr., Ex. A, [#19] (attaching copy of docket for bankruptcy proceeding In re Rosano Davis, Inc., No. 10-23557).

[3] See Notice Mem. Filed Receiver Paul L. Cusick Supp. Mot. Dismiss Pet. Filed U.S. Bankr. Court Seeking Involuntary Bankr. Rosano-Davis, Inc., 1 [#23].

[4] Inc. was joined in this action as a Defendant-in-Counterclaim on November 1, 2010. See First Am. Answer, Affirmative Defenses Countercl. & Jury Demand Defs.' Ross Rosano & R.W. Rosano Corp., 11, 15 [#5].

Title 11 provides that the filing of a bankruptcy provision automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[5] Plaintiffs request that this court rule on the Parties' dispute regarding proper ownership of a name that is an asset of the debtor.[6]

Moreover, this case is stayed in its entirety because there appear to be unusual circumstances.[7] The debtor and non-debtor Defendants are closely related such that judgment against the non-debtor Defendants may in effect be a judgment against the debtor.[8] At least one of the non-debtor Defendants has a large financial stake in the debtor entity.[9] Additionally, this suit against the non-debtor Defendants seeks possession or "control over property of the

---

[5] 11 U.S.C. § 362(a)(3).

[6] See Notice Removal, Ex. B, 11 [#1] (attaching Plaintiffs' Complaint); Mot. Prelim. Inj. [#14]; Notice Mem. Filed Receiver Paul L. Cusick Supp. Mot. Dismiss Petition Filed U.S. Bankr. Court Seeking Involuntary Bankr. Rosano-Davis, Inc., Ex. B, 2 [#23] (attaching Affidavit of attorney Paul L. Cusick, attesting that the name of the corporation is, in his belief, an asset of the company and would be up for bidding at "the auction.").

[7] A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). The First Circuit has never adopted the Fourth Circuit's "unusual circumstances" (or unusual situation) exception to 11 U.S.C. § 326(a), but district courts in the First Circuit have assumed the exception is viable in this Circuit. See, e.g., Bernath v. Potato Servs. of Mich., Inc., No. 03-22-B-S, 2003 U.S. Dist. LEXIS 11460, at *4–5 (D. Me. June 25, 2003); Miller Brewing Co. v. Silver Bros. Co., No. 88-229-D, 1989 U.S. Dist. LEXIS 3998, at *5 (D.N.H. Jan. 17, 1989). But see Selgrad, IRA v. U.S. Lending Corp., No. 95-2053-CIV-MARCUS, 1996 U.S. Dist. LEXIS 22927, at *9–10 (S.D. Fla. Mar. 17, 1996) (collecting cases on a split of decisional authority over whether to accept or reject "the Robins doctrine" or unusual circumstances exception).

[8] Bernath, 2003 U.S. Dist. LEXIS 11460, at *6 (citation omitted); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287–88 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.").

[9] Defendant Rosano is a 50% shareholder of Inc. See Notice Removal, Ex. B, 3 [#1] (attaching Plaintiffs' Complaint).

debtor."[10]

IT IS SO ORDERED.

                                                              /s/ Joseph L. Tauro
                                                              United States District Judge

---

[10] A.H. Robins, 788 F.2d at 999–1002; see supra note 6 and accompanying text; cf. Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations, 140 F.3d 661, 666 (7th Cir. 1998) (explaining that the stay can protect third parties where "the debtor and [the] third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." (citation omitted)).